**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

TRYON P. SISSON,

               Plaintiff,

    v.

MANISH PATEL, PUSHPAK PATEL,
MITRA CAMDENTON, LLC,
MITRA NEOSHO, LLC,
MITRA MT VERNON, LLC,
MITRA HEDGEHOG, LLC,
CMG OPERATIONS, LLC,
MITRA MIDWEST OPERATIONS, LLC,
CHALAK MITRAS GROUP, LLC, and
KFC CORPORATION,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 20-05101-CV-SW-BP

---

## DEFENDANT KFC CORPORATION'S RULE 12(b)(6) MOTION TO DISMISS AND SUGGESTIONS IN SUPPORT

JENNER & BLOCK LLP
Daniel J. Weiss  ARDC No. 6256843
*Pro Hac Vice*
Kaitlin M. Leskovac  ARDC No. 6327228
*Pro Hac Vice*
353 North Clark Street
Chicago, Illinois 60654-3456

SCHARNHORST AST KENNARD GRIFFIN, PC
James D. Griffin     MO #33370
Cameron E. Grant    MO #72225
1100 Walnut, Suite 1950
Kansas City, Missouri 64106

*Attorneys for Defendant KFC Corporation*

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

BACKGROUND .........................................................................................................................3

ARGUMENT ..............................................................................................................................5

I.     Sisson Fails To State A Claim For Tortious Interference With Contract Against KFC Corporation (Count IV)...................................................................................5

       a.     The Complaint Lacks Allegations That KFC Caused Or Induced A Breach. ...................................................................................................6

       b.     The Complaint Does Not Allege An Absence of Justification. ..............................7

II.    Sisson Fails To State A Claim For Civil Conspiracy Against KFC Corporation (Count V). .....................................................................................................9

III.   Sisson Fails To State A Claim Against KFC Corporation For Aiding And Abetting (Count VI)..........................................................................................10

IV.   All Of Sisson's Claims Against KFC Corporation Are Time-Barred. ..............................12

V.    Sisson Cannot Bring Claims On His Relatives' Behalf In His Own Name......................14

CONCLUSION..........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
106 F.3d 11 (2d Cir. 1997).........................................................................................14

*Aguilar v. Thompson Coburn LLP*,
540 S.W.3d 910 (Mo. Ct. App. 2018)........................................................................12

*Aitro v. Clapper*,
No. 05-3120-CV-S-RED, 2005 WL 1384063 (W.D. Mo. June 8, 2005) ...............12

*Allen v. Martin, Leigh & Laws, PC*,
No. 6:18-03100-CV-RK, 2019 WL 470915 (W.D. Mo. Feb. 6, 2019) ...................12

*Ariel Preferred Retail Grp., LLC v. CWCapital Asset Mgmt.*,
No. 4:10CV623SNLJ, 2011 WL 4501049 (E.D. Mo. Sept. 28, 2011)..............7, 8, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................10

*Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*,
149 F.3d 794 (8th Cir. 1998) .....................................................................................14

*Bader Farms, Inc. v. Monsanto Co.*,
No. 1:16cv299-SNLJ, 2019 WL 3017425 (E.D. Mo. July 10, 2019).......................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................5

*Birdsong v. Bydalek*,
953 S.W.2d 103 (Mo. Ct. App. 1997).........................................................................6

*BlueLine Rental, LLC. v. Rowland*,
No. 1:18-cv-00195-SNLJ, 2020 WL 1915252 (E.D. Mo. Apr. 20, 2020)...............11

*Bootheel Ethanol Invs., L.L.C. v. Semo Ethanol Coop.*,
No. 1:08CV59SNLJ, 2009 WL 398506 (E.D. Mo. Feb. 17, 2009) ..........................9

*Bradley v. Ray*,
904 S.W.2d 302 (Mo. Ct. App. 1995).......................................................................12

*Brown v. Great Circle*,
No. 2:19-cv-04135-NKL, 2019 WL 6534163 (W.D. Mo. Dec. 4, 2019) .................9

*Bryan v. Sedgwick, LLP*,
  No. 16-CV-00278-W-BP, 2016 WL 9307475 (W.D. Mo. Aug. 2, 2016)
  (Phillips, J.) ................................................................................................................5

*Cardinal Health 110, LLC v. Premiere Healthcare, LLC*,
  No. 1:18 CV 165 ACL, 2019 WL 108837 (E.D. Mo. Jan. 4, 2019) .........................................11

*Church Mut. Ins. Co. v. Sands*,
  No. 14-CV-3119-S-DGK, 2014 WL 3385208 (W.D. Mo. July 9, 2014) ............................6, 7

*Cook v. ACS State & Local Sols., Inc.*,
  663 F.3d 989 (8th Cir. 2011) ..........................................................................................5

*Enslein as Tr. for Xurex, Inc. v. Di Mase*,
  No. 16-09020-CV-W-ODS, 2019 WL 2505052 (W.D. Mo. June 17, 2019) ........................11

*Glob. Control Sys., Inc. v. Luebbert*,
  No. 4:14-CV-657-DGK, 2016 WL 8730159 (W.D. Mo. Jan. 15, 2016) ...............................8

*Graham v. Hubbs Mach. & Mfg., Inc.*,
  92 F. Supp. 3d 935 (E.D. Mo. 2015) ...............................................................................6

*Great Plains Tr. Co. v. Union Pac. R.R. Co.*,
  492 F.3d 986 (8th Cir. 2007) ........................................................................................12

*Jo Ann Howard and Assocs., P.C. v. Cassity*,
  868 F.3d 637 (8th Cir. 2017) ....................................................................................10, 11

*Lancaster v. Bd. of Police Comm'rs*,
  No. 14-00171-CV-W-BP, 2014 WL 12884706 (W.D. Mo. July 1, 2014)
  (Phillips, J.) ..............................................................................................................12

*Landers v. Monsanto Co.*,
  No. 1:17-CV-20-SNLJ, 2017 WL 3531378 (E.D. Mo. Aug. 17, 2017) .................................9

*Montgomery v. Aetna Plywood, Inc.*,
  231 F.3d 399 (7th Cir. 2000) ........................................................................................11

*Nettles v. UMB Bank, N.A.*,
  No. 03-00082-CV-W-GAF, 2010 WL 11618679 (W.D. Mo. Sept. 13, 2010) .......................10

*In re Patriot Nat'l Inc.*,
  592 B.R. 560 (Bankr. D. Del. 2018) ...............................................................................11

*PPW Royalty Tr. v. Barton*,
  No. 14-00513-CV-W-BP, 2015 WL 13263507 (W.D. Mo. Jan. 30, 2015)
  (Phillips, J.) ................................................................................................................5

*Process Controls Int'l, Inc. v. Emerson Process Mgmt.*,
    No. 4:10CV645 CDP, 2011 WL 6091722 (E.D. Mo. Dec. 7, 2011) .........................................9

*Quality Res., Inc. v. Pfizer, Inc.*,
    No. 4:14-CV-1149 CEJ, 2015 WL 417997 (E.D. Mo. Jan. 30, 2015) ....................................8

*RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*,
    No. 5:18-cv-06037-DGK, 2019 WL 302515 (W.D. Mo. Jan. 23, 2019) ...............................11

*Salau v. Jones*,
    No. 2:14-cv-04307-NKL, 2015 WL 5999781 (W.D. Mo. Oct. 13, 2015) ...............................9

*Trone Health Servs., Inc. v. Express Scripts Holding Co.*,
    No. 4:18-CV-467 RLW, 2019 WL 1207866 (E.D. Mo. Mar. 14, 2019) ..................................8

*Wise Prop. Invs., LLC v. Manish Patel, et al.*,
    Case No. 6:14-cv-03014-BP (W.D. Mo.) (Phillips, J.) .......................................................7, 13

**Statutes**

Mo. Rev. Stat. § 404.714 .........................................................................................................14

Mo. Rev. Stat. § 516.120(4) .....................................................................................................12

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................1, 5, 12, 14

Federal Rule of Civil Procedure 17(a)(1) ................................................................................14

Restatement (Second) of Torts § 876 (Am. Law Inst. 1979) .............................................10, 11

Restatement (Second) of Torts § 766 cmt. h (Am. Law Inst. 1979) ...............................................6

Defendant KFC Corporation respectfully submits the following suggestions in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the three counts asserted against it in the complaint (Dkt. 1, "Compl.") filed by Plaintiff Tryon P. Sisson.

## INTRODUCTION

This case, a dispute between a landlord and his tenants, has virtually nothing to do with KFC Corporation. Sisson, the alleged landlord, leased three properties to KFC franchisees, not KFC Corporation. Sisson has disputes with those tenants related to the payment of rent and an assignment of the leases. KFC Corporation is not alleged to have been a party to any lease, any assignment, or any other agreement with Sisson. Indeed, KFC Corporation is not alleged to have ever interacted with Sisson in any way. As a matter of law, the complaint does not allege any basis to hold that KFC Corporation somehow committed a tort against Sisson.

The gist of Sisson's complaint is that, in 2010, companies affiliated with the two individual defendants, Manish and Pushpak Patel, purchased three KFC franchises in Missouri that leased real estate from Sisson or his relatives. In 2011, one of those companies allegedly transferred the franchise businesses to new corporate affiliates also operated by the Patels (the "New Patel Franchisees"), including by assigning Sisson's leases to the New Patel Franchisees. In 2012, the New Patel Franchisees allegedly began failing to pay the full rent under the leases. Sisson has thus sued the Patels and their corporate affiliates for the unpaid rent (Count I); one of the Patels' corporate affiliates for the alleged wrongful assignments of the leases (Count II); and the Patels and several of their corporate affiliates for allegedly tortiously interfering with the leases (Count III).

What do these allegations have to do with KFC Corporation? Very little. Each of Sisson's leases allegedly provided that the tenant could assign the lease without Sisson's consent so long as the assignee was a KFC franchisee. KFC Corporation is not alleged to have had anything to do

1

with that provision, which was part of a contractual agreement between Sisson and his tenants, not KFC Corporation. Nonetheless, Sisson apparently believes that by including such a provision in his leases, he created a duty for KFC Corporation to only license franchisees meeting "requirement[s] of proven operational experience" and "financial qualifications." (Compl. ¶ 66.) Sisson alleges the New Patel Franchisees did not meet those qualifications, so KFC Corporation should not have licensed them. By licensing the new entities as franchisees, KFC Corporation allegedly "facilitat[ed]" the assignments of the leases to the New Patel Franchisees, which Sisson alleges violated the "spirit of the leases." (*Id.* ¶¶ 90, 102.) In this way, Sisson alleges that KFC Corporation tortiously interfered with the leases (Count IV), conspired with the other defendants (Count V), and aided and abetted the other defendants (Count VI).

Sisson's claims against KFC Corporation fail as a matter of law. KFC Corporation had no duty to Sisson with regard to the businesses that KFC Corporation elected to approve as franchisees. Sisson could not create such a duty merely by referring to KFC Corporation in a lease. If two parties choose to refer to the actions of a third party in their contract, they cannot sue the third party for "interfering" with the contract if one of the parties later disagrees with the third party's decision. KFC Corporation did not agree to restrict its own business judgments for the benefit of Sisson; nor does the complaint establish any other limit on KFC's unqualified legal right to approve franchisees as it chooses. Further, the complaint does not allege that KFC Corporation induced any purported breach of the leases. As a matter of law, KFC Corporation's actions therefore do not constitute tortious interference.

Sisson's tag-along claims for conspiracy and aiding and abetting also fail with respect to KFC Corporation. The complaint lacks any non-conclusory allegations establishing an unlawful meeting of the minds between KFC Corporation and the other defendants. Missouri law does not

recognize Sisson's claim for aiding and abetting. And even if it did, the complaint does not allege a tort that KFC Corporation aided and abetted, or that KFC Corporation provided any affirmative aid to the other defendants.

As an independent matter, all of Sisson's claims against KFC Corporation face another incurable problem: a five-year statute of limitations. It is clear from Sisson's own allegations that his claims accrued in 2012 at the latest. The limitations period has thus long since expired.

For each reason, KFC Corporation respectfully requests that the Court dismiss Counts IV, V, and VI against KFC Corporation with prejudice.

## BACKGROUND[1]

***The leases.*** Sisson and his family members own three properties in Missouri that they have leased to businesses that operate KFC franchised restaurants: the Camdenton property, the Neosho property, and the Mt. Vernon property. (Compl. ¶¶ 16-17, 19-20, 22-23.)[2] Each lease provided that the tenant could assign its tenancy under the lease without the landlord's consent if the assignee was another business licensed as a KFC franchisee. (*Id.* ¶ 36.)

In or around November 2010, companies affiliated with the Patels purchased the three KFC franchise businesses operating in the Sisson-owned properties. (*Id.* ¶¶ 18, 21, 24-26, 29.) As part of the transaction, those businesses assigned their interests under the leases for the Camdenton, Neosho, and Mt. Vernon properties to a company affiliated with the Patels, Mitra Hedgehog, LLC ("Mitra Hedgehog"). (*Id.* ¶¶ 18, 21, 24, 29, 32.)

---

[1] The factual contentions contained herein are based on Sisson's complaint and are taken as true solely for purposes of this motion to dismiss.

[2] Sisson alleges that he brings this suit individually as the named landlord for the Camdenton and Neosho properties, and "as attorney-in-fact pursuant to executed Powers of Attorney for the other named landlord . . . on those properties," Sisson's wife, and the named landlords for the Mt. Vernon property, Sisson's parents. (Compl. ¶ 2.) "Sisson" is used to refer to all landlords.

In March 2011, Mitra Hedgehog allegedly assigned its interests in the leases for the three Sisson-owned properties to the New Patel Franchisees, which were three corporate affiliates also controlled by the Patels: Mitra Camdenton, LLC; Mitra Neosho, LLC; and Mitra Mt Vernon, LLC. (*Id.* ¶¶ 18, 21, 24, 28.) Each of those entities was a KFC franchisee. (*Id.* ¶ 37.) In August 2011, Sisson "entered into amendments of those leases," including a reduction in the rent through July 2012. (*Id.* ¶ 40.) But when the rent reduction period ended in August 2012, the tenants allegedly continued to pay the reduced rent. (*Id.* ¶¶ 42, 46, 48.) Sisson alleges that each of the New Patel Franchisees owes him unpaid rent from August 1, 2012 to the present, currently totaling more than $1.25 million. (*Id.* ¶¶ 43, 47, 49.)

***Sisson's claims.*** In Count I, Sisson has sued the Patels and their corporate affiliates for the unpaid rent. (*Id.* ¶¶ 71-86.)

In Count II, Sisson has sued Mitra Hedgehog for alleged breaches of the duty of good faith and fair dealing because, he contends, the March 2011 assignments of the leases from that company to the New Patel Franchisees "evaded the spirit of the leases." (*Id.* ¶¶ 87-91.)

In Count III, Sisson has sued the Patels and several of their corporate affiliates for allegedly tortiously interfering with the payment of rent under the leases. (*Id.* ¶¶ 92-98.)

In Count IV, Sisson has sued KFC Corporation for allegedly tortiously interfering with the leases. (*Id.* ¶¶ 99-105.) According to Sisson, KFC Corporation should not have approved the New Patel Franchisees to be KFC franchisees because those companies did not meet alleged "operational" or "financial" requirements to be franchisees. (*Id.* ¶ 66.) By approving the New Patel Franchisees, KFC Corporation allegedly "facilitat[ed]" the assignments of the leases to those entities. (*Id* ¶¶ 63-65, 102.)

In Count V, Sisson alleges that all of the defendants have taken part in a "civil conspiracy" to cause breaches of the leases. (*Id.* ¶¶ 106-09.)

In Count VI, Sisson alleges that KFC Corporation aided and abetted breaches of the leases by approving the New Patel Franchisees as KFC franchisees. (*Id.* ¶¶ 110-15.)

## ARGUMENT

The Court should dismiss all counts against KFC Corporation with prejudice. "Dismissal under Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief can be granted." *PPW Royalty Tr. v. Barton*, No. 14-00513-CV-W-BP, 2015 WL 13263507, at *1 (W.D. Mo. Jan. 30, 2015) (Phillips, J.). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires specific facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bryan v. Sedgwick, LLP*, No. 16-CV-00278-W-BP, 2016 WL 9307475, at *1 (W.D. Mo. Aug. 2, 2016) (Phillips, J.) (quotation marks omitted). In ruling on a motion to dismiss, the court must accept the plaintiff's factual allegations as true, "but is not bound to accept as true a legal conclusion couched as a factual allegation." *Cook v. ACS State & Local Sols., Inc.*, 663 F.3d 989, 992 (8th Cir. 2011) (quotation marks omitted). Sisson's claims against KFC Corporation fail under those standards.

## I.  Sisson Fails To State A Claim For Tortious Interference With Contract Against KFC Corporation (Count IV).

Sisson's Count IV against KFC Corporation for tortious interference fails as a matter of law. A claim for tortious interference with a contract has the following elements: (1) a contract; (2) the defendant's knowledge of the contract; (3) "intentional interference by the defendant inducing or causing a breach of the contract"; (4) the absence of justification; and (5) damages.

*Graham v. Hubbs Mach. & Mfg., Inc.*, 92 F. Supp. 3d 935, 943 (E.D. Mo. 2015). At a minimum, Sisson fails to allege elements three and four.

> **a.** **The Complaint Lacks Allegations That KFC Caused Or Induced A Breach.**

A required element of a tortious interference claim is "intentional interference by the defendant inducing or causing a breach of the contract." *Id.* Inducing a breach "refers to . . . situations in which A ***causes*** B to choose one course of conduct rather than another . . . by persuasion or intimidation." Restatement (Second) of Torts § 766 cmt. h (Am. Law Inst. 1979) (emphasis added); *see also Birdsong v. Bydalek*, 953 S.W.2d 103, 111-12 (Mo. Ct. App. 1997) (citing § 766 and comment h with approval). Causing a breach "refers to . . . situations in which ***A leaves B no choice***," such as where "A destroys the goods that B is about to deliver to C." Restatement (Second) of Torts § 766 cmt. h (emphasis added). In Missouri, courts apply a two-part test with respect to these concepts: (1) whether "the defendant ***actively and affirmatively takes steps to induce the breach***; and (2) whether "the contract would have been performed absent interference from the defendant." *Church Mut. Ins. Co. v. Sands*, No. 14-CV-3119-S-DGK, 2014 WL 3385208, at *5 (W.D. Mo. July 9, 2014) (emphasis added) (quotation marks omitted).

Sisson's complaint lacks fact-based allegations establishing any of those requirements. The complaint does not allege facts that even approach establishing that KFC Corporation brought about the purported breaches by persuasion or intimidation, or that, as a result of KFC Corporation's actions, the other defendants were left with no choice regarding their performance under the leases. *See* Restatement (Second) of Torts § 766 cmt. h. Indeed, at most, Sisson appears to allege that KFC Corporation *failed to prevent* alleged breaches of the duty of good faith and fair dealing because it approved the New Patel Franchisees as KFC franchisees, which allegedly allowed Mitra Hedgehog to assign the leases to those companies. (*E.g.*, Compl. ¶¶ 37, 63.)

Nothing in the Restatement or Missouri law, however, makes a non-party to a contract liable in tort for *failing to prevent* some other party's alleged contractual breaches.[3]

Sisson has not plausibly pleaded the second part of Missouri's two-part test either, *i.e.,* whether "the contract would have been performed absent [the defendant's] interference." *Church Mut. Ins. Co.*, 2014 WL 3385208, at *5 (quotation marks omitted). To withstand a motion to dismiss, a plaintiff must plead "that had it not been for the defendant's acts, the contract would have been performed." *Id.* (quotation marks omitted). Here, however, Sisson alleges that, from the outset, the Patels "never intended to meet the obligations under [the] existing leases for payment of full monthly rent on the purchased restaurant units." (Compl. ¶ 27.) Sisson further alleges that all of the Patels' corporate entities are controlled by and dominated by the Patels, without separate corporate existences. (*Id.* ¶¶ 76-78.) In short, the complaint establishes no plausible reason to believe that, absent KFC Corporation's alleged actions, the defendants would have paid the rent or otherwise performed under the leases.

### b. The Complaint Does Not Allege An Absence of Justification.

Sisson's Count IV also fails for the separate reason that it lacks factual allegations establishing an absence of justification, which Missouri defines as "the absence of a legal right to justify the actions taken by the defendant in inducing the breach." *Ariel Preferred Retail Grp., LLC v. CWCapital Asset Mgmt.*, No. 4:10CV623SNLJ, 2011 WL 4501049, at *3 (E.D. Mo. Sept. 28, 2011). A defendant is justified in interfering with another's contract if he has a "legal right . . . to take the actions about which a plaintiff complains" and does not employ improper means. *See*

---

[3] Notably, in 2014, another landlord of a KFC franchisee, represented by the same attorneys as Sisson, brought essentially the same case against the Patels and several of their corporate affiliates arising out of nearly identical events, but did not sue KFC Corporation. *See Wise Prop. Invs., LLC v. Manish Patel, et al.*, Case No. 6:14-cv-03014-BP (W.D. Mo.) (Phillips, J.).

*Quality Res., Inc. v. Pfizer, Inc.*, No. 4:14-CV-1149 CEJ, 2015 WL 417997, at *4 (E.D. Mo. Jan. 30, 2015) (quotation marks omitted). Improper means refers to conduct that is "independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or common law." *Ariel Preferred Retail Grp.*, 2011 WL 4501049, at *3 (quotation marks omitted).

Sisson's allegations do not meet those requirements. Sisson faults KFC Corporation for approving the New Patel Franchisees, but Sisson does not (and cannot) allege any restriction on KFC Corporation's legal right to approve franchisees as it deems appropriate. Sisson alleges that KFC Corporation did not follow its usual standards in approving the New Patel Franchisees, (Compl. ¶ 66), but, even assuming that is true, Sisson does not allege that KFC Corporation lacked the legal right to approve franchisees however it deemed appropriate, or to change its standards. Indeed, the complaint does not plead any facts that would establish a legal duty *owed by KFC Corporation to Sisson* requiring KFC Corporation to apply its standards in any particular way. Absent any alleged restriction on KFC Corporation's right to approve franchisees, KFC was free to act in its own "self-interest," as Sisson alleges it did. (*Id.* ¶ 70); *see Glob. Control Sys., Inc. v. Luebbert*, No. 4:14-CV-657-DGK, 2016 WL 8730159, at *3 (W.D. Mo. Jan. 15, 2016) (concluding the plaintiff did not state a claim for tortious interference in part because altering one's "ordinary business practices" did not constitute improper means); *see also Trone Health Servs., Inc. v. Express Scripts Holding Co.*, No. 4:18-CV-467 RLW, 2019 WL 1207866, at *7 (E.D. Mo. Mar. 14, 2019) (dismissing tortious interference claim where the defendants' alleged conduct was permissible under the parties' agreements); *Pfizer*, 2015 WL 417997, at *4 (similar).

In short, Sisson cannot hold KFC Corporation liable in tort for making business decisions it had an unqualified legal right to make because those decisions allegedly had a negative impact

on Sisson's contracts with the other Defendants.  *See Ariel Preferred Retail Grp.*, 2011 WL 4501049, at *4 (dismissing tortious interference claim where plaintiff provided no factual support that any of the alleged actions constituted improper means).  Sisson's tortious interference claim should be dismissed.

## II.  Sisson Fails To State A Claim For Civil Conspiracy Against KFC Corporation (Count V).

Sisson's claim for civil conspiracy against KFC Corporation, Count V, also fails as a matter of law.  In Missouri, to state a claim for civil conspiracy, a plaintiff must allege: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged."  *Process Controls Int'l, Inc. v. Emerson Process Mgmt.*, No. 4:10CV645 CDP, 2011 WL 6091722, at *2 (E.D. Mo. Dec. 7, 2011).  Pleading a meeting of the minds requires allegations of "active participation done with a unity of purpose, common design, or understanding."  *Brown v. Great Circle*, No. 2:19-cv-04135-NKL, 2019 WL 6534163, at *2 (W.D. Mo. Dec. 4, 2019).  "A mere allegation of a conspiracy without specific facts demonstrating a meeting of the minds among the conspirators fails to state a claim upon which relief can be granted."  *Bootheel Ethanol Invs., L.L.C. v. Semo Ethanol Coop.*, No. 1:08CV59SNLJ, 2009 WL 398506, at *5 (E.D. Mo. Feb. 17, 2009) (quotation marks omitted).

Here, Sisson's allegations concerning KFC Corporation lack the hallmark of the meeting-of-the-minds element: a unity of purpose.  He pleads no facts suggesting KFC Corporation agreed to join in a scheme to breach the leases.  *See Landers v. Monsanto Co.*, No. 1:17-CV-20-SNLJ, 2017 WL 3531378, at *6 (E.D. Mo. Aug. 17, 2017) (dismissing civil conspiracy claim where the plaintiffs did not allege that the defendant's co-conspirators agreed to help achieve the conspiracy's aim); *Salau v. Jones*, No. 2:14-cv-04307-NKL, 2015 WL 5999781, at *7 (W.D. Mo.

9

Oct. 13, 2015) (dismissing civil conspiracy claim where the plaintiff did not allege that the defendants "made a conscious agreement"). In fact, rather than alleging that KFC Corporation and the other defendants shared a unity of purpose, Sisson alleges that, at all times, KFC Corporation acted "in its own financial self-interest." (*See* Compl. ¶ 70.)

Further, the complaint's allegations concerning KFC Corporation and the alleged conspiracy are entirely conclusory. (*See id.* ¶¶ 65, 68.) Merely throwing KFC Corporation into a list of defendants alleged to have taken part in a "deliberate scheme" does not satisfy federal pleading requirements. At most, Sisson's allegations about KFC Corporation are equally consistent with lawful conduct (*e.g.*, a franchisor licensing franchisees according to its own business decisions) as with some type of conspiracy. A mere possibility of liability is insufficient to make out a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nettles v. UMB Bank, N.A.*, No. 03-00082-CV-W-GAF, 2010 WL 11618679, at *3 (W.D. Mo. Sept. 13, 2010) (dismissing civil conspiracy claim where the plaintiff's allegations "might also be equally attributable to lawful parallel conduct"). Count V should be dismissed with respect to KFC Corporation.

## III. Sisson Fails To State A Claim Against KFC Corporation For Aiding And Abetting (Count VI).

Sisson's Count VI, for aiding and abetting, lacks any legal basis as Missouri does not recognize this cause of action. *See Jo Ann Howard and Assocs., P.C. v. Cassity*, 868 F.3d 637, 649-51 (8th Cir. 2017). In *Jo Ann Howard*, the Eighth Circuit examined the Missouri Supreme Court's precedent on aiding and abetting, describing it as "murky" and providing "little guidance in an uncertain area." *Id.* at 650-51. Ultimately, the court declined to predict that the Missouri Supreme Court would recognize a cause of action premised on Section 876(b) or (c) of the Restatement (Second) of Torts, which discuss aiding and abetting through substantial assistance

or encouragement, citing the importance of "exercis[ing] caution in expanding state-law theories of liability that are not foreshadowed by state precedent." *Id.* at 651.

Since *Jo Ann Howard*, federal courts applying Missouri law that have addressed this issue have declined to recognize a cause of action for aiding and abetting. *See Bader Farms, Inc. v. Monsanto Co.*, No. 1:16cv299-SNLJ, 2019 WL 3017425, at *6-7 (E.D. Mo. July 10, 2019); *Enslein as Tr. for Xurex, Inc. v. Di Mase*, No. 16-09020-CV-W-ODS, 2019 WL 2505052, at *28 (W.D. Mo. June 17, 2019); *Cardinal Health 110, LLC v. Premiere Healthcare, LLC*, No. 1:18 CV 165 ACL, 2019 WL 108837, at *6-7 (E.D. Mo. Jan. 4, 2019); *In re Patriot Nat'l Inc.*, 592 B.R. 560, 580-82 (Bankr. D. Del. 2018).[4] As alleged, Sisson's aiding and abetting claim corresponds to Restatement Section 876(b) or (c). (*See* Compl. ¶¶ 112-13.) Because Missouri does not recognize this cause of action, Count VI should be dismissed.

Even putting aside that legal impediment, the complaint fails to allege an aiding and abetting claim for two additional reasons: (i) Sisson does not allege a *tort* that KFC Corporation aided and abetted; and (ii) Sisson does not allege that KFC Corporation *affirmatively aided* the other defendants in committing wrongdoing. On the first point, Sisson appears to allege that KFC Corporation aided and abetted a breach of contract (*see id.* ¶ 112), which is not a tort, and therefore cannot support an aiding and abetting claim. *See Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 413 n.6 (7th Cir. 2000) (concluding that a breach of contract could not support an aiding and abetting claim under § 876 of the Restatement). Second, to state a claim for aiding and abetting,

---

[4] Two Missouri district courts have permitted aiding and abetting claims to move beyond the motion-to-dismiss stage, but these decisions do not address *Jo Ann Howard* or, more generally, whether Missouri recognizes this cause of action. *See BlueLine Rental, LLC. v. Rowland*, No. 1:18-cv-00195-SNLJ, 2020 WL 1915252, at *4 (E.D. Mo. Apr. 20, 2020); *RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-cv-06037-DGK, 2019 WL 302515, at *9 (W.D. Mo. Jan. 23, 2019).

a plaintiff must allege that the defendant "affirmatively act[ed] to aid the primary tortfeasor; neither failure to object to the tortious act nor defendant's mere presence at the commission of the tort is sufficient to charge one with responsibility." *Bradley v. Ray*, 904 S.W.2d 302, 315 (Mo. Ct. App. 1995). As stated above, at most, Sisson alleges that KFC Corporation *failed to prevent* alleged breaches of the leases because it approved the New Patel Franchisees as KFC franchisees. (*E.g.*, Compl. ¶¶ 37, 63.) This is not sufficient for an aiding and abetting claim.

For each reason, dismissal of Count VI is warranted.

## IV. All Of Sisson's Claims Against KFC Corporation Are Time-Barred.

As an independent matter, all of Sisson's claims against KFC Corporation should be dismissed as untimely. "Where the complaint establishes the claim is barred by the applicable statute of limitations, dismissal under Rule 12(b)(6) is appropriate." *Lancaster v. Bd. of Police Comm'rs*, No. 14-00171-CV-W-BP, 2014 WL 12884706, at *1 (W.D. Mo. July 1, 2014) (Phillips, J.). "A federal court sitting in diversity applies the statute-of-limitations rules of the forum." *Great Plains Tr. Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007). Under Missouri law, Plaintiff's claims against KFC Corporation are subject to a five-year statute of limitations. *See* Mo. Rev. Stat. § 516.120(4); *Allen v. Martin, Leigh & Laws, PC*, No. 6:18-03100-CV-RK, 2019 WL 470915, at *4 (W.D. Mo. Feb. 6, 2019) (tortious interference with contract); *Aitro v. Clapper*, No. 05-3120-CV-S-RED, 2005 WL 1384063, at *3 (W.D. Mo. June 8, 2005) (civil conspiracy).

"In Missouri, a cause of action accrues when the damage is sustained and 'capable of ascertainment.'" *Lancaster*, 2014 WL 12884706, at *1 (quoting Mo. Rev. Stat. § 516.100). The capable-of-ascertainment test is objective: a cause of action accrues when "a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Aguilar v. Thompson Coburn LLP*, 540 S.W.3d 910, 914 (Mo. Ct. App. 2018) (quotation marks omitted).

Here, Sisson's own complaint establishes that his claims are barred by the five-year statute of limitations. The key allegations are the following: Mitra Hedgehog assigned the leases at issue to the New Patel Franchisees in March 2011 (Compl. ¶¶ 18, 21, 24); on August 1, 2011, the parties to the leases "entered into amendments of those leases" (*id.* ¶ 40); and on August 1, 2012, the tenants allegedly defaulted on the leases due to non-payment of rent (*id.* ¶¶ 42, 46, 48).

It is clear from those allegations that Sisson's alleged claims against KFC Corporation accrued in 2011 or, at the latest, August 2012. Indeed, KFC Corporation is not alleged to have done anything at all after approving the New Patel Franchisees, which allegedly occurred nearly a decade ago, before the March 2011 assignments. By August 2011, Sisson was executing amendments to the leases with the New Patel Franchisees, and thus was on notice that the leases had been assigned. (*See id.* ¶ 40.) Sisson even had the prior tenant, Mitra Hedgehog, sign a guaranty of the leases in 2011, making clear that Sisson understood that Mitra Hedgehog was no longer the tenant. (*Id.* ¶ 41.) And, by August 2012, the New Patel Franchisees had defaulted on the leases. (*Id.* ¶¶ 42, 46, 48.)

Thus, more than ***eight years*** before the filing of the complaint in this case in October 2020, Sisson knew that the leases had been assigned to the New Patel Franchisees and that the New Patel Franchisees were not paying the rent.[5] To the extent Sisson had any claims against KFC

---

[5] In *Wise Property Investments, LLC v. Manish Patel, et al.*, Case No. 6:14-cv-03014-BP, the plaintiff, a landlord of a KFC franchisee, sued the Patels and several of their corporate affiliates. The plaintiff alleged that, in March 2011, the Patels, through Mitra Hedgehog, assigned the lease on its restaurant to an uncapitalized shell company the Patels created, after arranging for that company to become an approved KFC franchisee. The assignee ultimately defaulted under the lease in May 2012 for failure to pay rent. The events and timeline of this prior suit, which was brought in 2014, are nearly identical to Sisson's complaint and demonstrate that a reasonable landlord would have been on notice of the claims Sisson pursues here years earlier.

Corporation related to the assignments of the leases, the time to bring those claims passed years ago. All of Sisson's claims against KFC Corporation should be dismissed with prejudice.

## V. Sisson Cannot Bring Claims On His Relatives' Behalf In His Own Name.

Finally, although all of the claims against KFC Corporation must be dismissed for the reasons stated above, Sisson's claims regarding the Mt. Vernon property are additionally defective because Sisson alleges that his parents, not Sisson, are the landlords for that property. (Compl. ¶ 2.) Sisson alleges that he brings claims related to the Mt. Vernon property as "attorney-in-fact" for his parents. (*Id.*) But a power of attorney creates an agency relationship, *see* Mo. Rev. Stat. § 404.714, and does not, on its own, permit the attorney-in-fact to sue in his own name. *See Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 797-98 (8th Cir. 1998); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (2d Cir. 1997).

Federal Rule of Civil Procedure 17(a)(1) provides that certain persons, including an executor, administrator, or guardian, may maintain an action on behalf of another in their own name. An attorney-in-fact is not included in this list. Sisson is thus not a real party in interest with respect to the Mt. Vernon property, and he is not permitted to maintain this action on behalf of his parents in his own name. All claims related to the Mt. Vernon property should be dismissed for this additional reason.

## CONCLUSION

For the reasons stated, Counts IV-VI of the complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted,

Dated:  December 10, 2020

**KFC Corporation, Inc.**


*/s/ Daniel J. Weiss*

Daniel J. Weiss  ARDC No. 6256843
*Pro Hac Vice*
Kaitlin M. Leskovac  ARDC No. 6327228
*Pro Hac Vice*
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:     (312) 923-4517
Facsimile:     (312) 527-0484
Email: DWeiss@jenner.com
          KLeskovac@jenner.com

James D. Griffin          MO #33370
Cameron E. Grant        MO #72225
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Suite 1950
Kansas City, Missouri 64106
Telephone:     (816) 268-9400
Facsimile:     (816) 268-9409
Email: JGriffin@sakg.com
          CGrant@sakg.com

**Attorneys for Defendant KFC Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2020, I caused a copy of the forgoing motion and

suggestions in support to be served on all counsel of record via the Court's electronic filing system.

/s/ Daniel J. Weiss
Daniel J. Weiss